UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHLEY KINCAID EVE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:21-cv-01721-JMS-MJD |
| ) | |
| WADE BURTRON, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO STAY**

This matter is before the Court on Plaintiffs' Motion for Stay of Proceedings [Dkt. 55]. For the reasons set forth below, the motion is **GRANTED**.

This case arises out of events that occurred after a traffic stop on June 16, 2019, involving the Plaintiffs, Ashley Kincaid Eve and Casey Wilson, and the Defendant police officers. Both Eve and Wilson were arrested during the traffic stop and taken to jail. In her Statement of Claims, [Dkt. 54], Eve alleges that Defendants violated her rights under the Fourth and Fourteenth Amendments of the United States Constitution and under the Indiana Constitution by unreasonably seizing her during the traffic stop. Eve further alleges that Defendants violated her rights under the First Amendment "by denying [her] the opportunity to observe and comment on the behavior" of the Defendant officers "during their interactions with the Plaintiffs."[1] [Dkt. 54 at 1.] She further asserts *Monell* claims against Defendants the City of Westfield, the Westfield

---

[1] Eve, who is an attorney, asserts that her efforts to provide legal advice to Wilson during the traffic stop were thwarted by the Defendant officers.

Police Department, and Police Chief Joel Rush, and a failure to intervene claim against certain of the Defendant officers. *Id.* Wilson asserts a variety of claims as well.

This case was filed on June 14, 2021. At that time, Eve had entered into a Pretrial Diversion Agreement with regard to the criminal charges that were filed against her as a result of the events that took place during the traffic stop.[2] The agreement contained the following provision:

> EVE, UNDER PENALTY OF PERJURY, ACKNOWLEDGES THAT BY SIGNING THIS AGREEMENT SHE IS ADMITTING THE TRUTHFULNESS OF THE CHARGES AGAINST HER AND ACKNOWLEDGES THAT SUCH ADMISSION MAY BE USED AGAINST HER IF PROSECUTION OF THESE CHARGES IS RESUMED BY REASON OF TERMINATION FROM THE PRETRIAL DIVERSION PROGRAM.

[Dkt. 1-2 at 4.] Pursuant to the agreement, the charges would be dismissed after one year if Eve fulfilled certain requirements during that time period. However, on July 14, 2021, the State moved to reset her criminal case for trial because Eve failed to satisfy the community service requirement of her diversion agreement. [Dkt. 57-5 at 2.] At a bench trial held on January 13, 2022, Eve was found guilty of Resisting Law Enforcement, a Class A Misdemeanor. [Dkt. 57-6 at 2.] Following her sentencing, Eve filed a motion to correct error in her criminal case, which was denied on April 18, 2022; her subsequent amended motion to correct error was also denied. On May 15, 2022, Eve filed an appeal of her criminal conviction. [Dkt. 58-1.]

Eve now moves to stay this case pending resolution of her appeal pursuant to the *Younger* abstention doctrine. See *Younger v. Harris,* 401 U.S. 37 (1971). "*Younger* holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere

---

[2] Eve originally was charged with battery against a public safety official (a Level 6 Felony), Resisting Law Enforcement (a Class A Misdemeanor), and Disorderly Conduct (a Class B Misdemeanor). [Dkt. 57-2.] As part of the pretrial diversion agreement, the Information was amended on July 22, 2020, to drop all but the Resisting Law Enforcement charge. [Dkt. 57-3.]

2

with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citation omitted); *see also Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) ("When confronted with circumstances that clearly implicate *Younger* concerns, a federal court must abstain."). "[C]laims of damages resulting from illegal searches, seizures, and detentions meet that description: they involve constitutional issues that may be litigated during the course of [the plaintiff's] criminal case," and "[d]eciding those issues in federal court could undermine the state court proceeding." *Gakuba*, 711 F.3d at 753 (citations omitted). Stay, not dismissal, is appropriate in cases in which *Younger* abstention applies to a claim for monetary damages, because "monetary relief is not available [to a defendant] in his defense of criminal charges . . . [and] his claims may become time-barred by the time the state prosecution has concluded." *Id.*

Given the Seventh Circuit's unambiguous holding in *Gakuba*, there is no question that at least some of Eve's claims in this case are subject to *Younger* abstention. Defendants argue that

> At first blush, it might appear the *Younger* doctrine applies here because Eve's criminal prosecution is still on-going. Yet, her criminal case has been on-going since June 2019, and the two cases have been over-lapping for nearly a year. If Eve had really been concerned about the affect this case could have on her criminal prosecution, she should— and could—have requested a stay of this case after the Hamilton County Prosecutor's Office reset her case for trial in July 2021. That filing occurred only one month after she filed this case. Presumably, she did not at that time because she believed a not guilty verdict in her criminal case would give Plaintiffs' leverage in this civil rights case. That strategy failed, so Plaintiffs are now requesting a stay.

[Dkt. 57 at 6.] Defendants further point out that "Plaintiffs allowed this case to proceed through liability discovery, which allowed Eve to gather as much discovery as she could in her civil case that could potentially be used in her criminal case," which is one of the ways in which a civil case can interfere with a criminal prosecution. *Id.* at 7 (citing *Stambaugh v. Brindle*, 2021 WL 5281024, at *2 (N.D. Ind. Nov. 12, 2021) (discussing this concern)). This argument—which is

3

essentially a waiver argument—ignores the fact that the principle behind the *Younger* abstention doctrine is not based on the interests of the civil plaintiff/criminal defendant, but rather is "rooted in traditional principles of equity, comity, and federalism." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017) (citations omitted); *see also Barichello*, 98 F.3d at 955 (*Younger* abstention doctrine based on a "'complex of considerations' about the role of federal courts *vis-à-vis* state institutions.") (citation omitted). Because those principles "concern the propriety of exercising subject matter jurisdiction," *Barichello*, 98 F.3d at 955, they are independent of any interests Eve may have and therefore may not be waived by her actions.

Defendants also argue[3] that "the Court has already accepted jurisdiction of this case, and therefore, the Younger abstention doctrine should not be triggered." [Dkt. 57 at 5.] They continue:

> Additionally, the *Younger* doctrine should not be invoked here because the Court has already accepted jurisdiction in this case. This case has been pending for almost one year now. Typically, the *Younger* doctrine is asserted at the outset of the case before the pleadings are closed and the court assumes jurisdiction of the matter. *See e.g., J.B. v. Woodard*, 997 F.3d 714, 723 (7th Cir. 2021) (review of district court's order on a Rule 12(b)(1) motion); *Stingley v. Yamahiro*, 2022 U.S. Dist. LEXIS 18896 (E.D. Wis. 2022) (court's prescreening in accordance with 28 U.S.C. § 1915A); *Stambaugh v. Brindle*, 2021 U.S. Dist. LEXIS 218984 (N.D. Ind. 2021) (court's pre-screening in accordance with 28 U.S.C. § 1915A).

*Id.* at 6. While Defendants may be correct that *Younger* concerns are typically raised at the outset of a case, their suggestion that *Younger* abstention is no longer applicable once a Court has "accepted jurisdiction" over a case is incorrect. In fact, "*Younger* abstention is required . . .

---

[3] Defendants advance a third argument based on the fact that Eve, as part of her Pretrial Diversion Agreement, admitted certain facts. That argument is certainly relevant to whether Eve is likely to succeed on the merits of her criminal appeal, but does not change that fact that Eve is pursuing that appeal and therefore her criminal proceedings are ongoing and therefore *Younger* abstention is triggered.

4

when state court proceedings are initiated 'before any proceedings of substance on the merits have taken place in the federal court.'" *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984) (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)).  Here, the state prosecution of Eve was initiated just one month after this case was filed, clearly before any "proceedings of substance on the merits" had taken place.  Had a motion to stay been filed at that time, there is no question that a stay would have been required under *Younger*.  And even at this point in the litigation, although liability discovery has been completed, the Court has not made any rulings on the merits.

It is, frankly, unclear whether it is appropriate to examine the stage of this litigation as of the date the criminal proceedings were initiated against Eve or as of the date her motion to stay was filed.  If the latter, it is also not entirely clear whether the completion of liability discovery, without any merits-related rulings by the Court, constitutes sufficient "proceedings of substance on the merits" such that *Younger* abstention is not required.  The Court need not resolve those thorny issues, however, because even if *Younger* does not mandate a stay under these circumstances, the Court has the discretionary authority to stay this case.  *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.") (citations omitted).  Given that the resolution of Eve's criminal case could—if her conviction stands—bar at least some of her claims in this case and eliminate the Court's (and

5

Defendants') need to address those claims,[4] and given the lack of any discernible prejudice to Defendants other than a delay in the final resolution of this case, the Court finds that the interests of judicial economy are best served by staying this case until Eve's direct appeal has been resolved.

For the reasons set forth above, the Court **GRANTS** the motion to stay. The parties shall file a motion to lift the stay, **within seven days of the resolution of Eve's direct appeal**, at which time the Court will revise the remaining case management deadlines in order to bring this matter to a prompt resolution.

SO ORDERED.

Dated:  20 MAY 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.

---

[4] It appears that those same claims would be subject to dismissal without prejudice now pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), subject to being refiled if Eve's conviction is ultimately reversed. However, while Defendants have asserted *Heck* as an affirmative defense, *see* [Dkt. 18 at 41], it appears that they do not intend to rely on it at the summary judgment stage. *See* [Dkt. 57 at 8] ("Finally, this Court should deny Plaintiffs' request because Defendants are prepared to prove through summary judgment that Defendants are entitled to judgment as a matter of law on all claims raised in Plaintiffs' Complaint—regardless of Eve's criminal conviction."). That is their prerogative. *See Polzin v. Gage*, 636 F.3d 834, 837-38 (7th Cir. 2011) ("The *Heck* doctrine is not a jurisdictional bar.") (citations omitted).